UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER A. DAVIS, M.D., | No. 2:24-cv-00131-TLN-DB |
| Plaintiff, | |
| v. | **ORDER** |
| NEW YORK LIFE INSURANCE COMPANY | |
| Defendant. | |

This matter is before the Court on Plaintiff Alexander A. Davis, M.D.'s ("Plaintiff") Motion to Amend the Initial Pretrial Scheduling Order.  (ECF No. 45.)  Defendant New York Life Insurance Company ("Defendant") filed an opposition.  (ECF No. 48.)  Plaintiff filed a reply.  (ECF No. 50.)  For the reasons set forth below, the Court GRANTS Plaintiff's motion.

///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a dispute regarding an alleged delayed payment of Plaintiff's claim for benefits under Defendant's disability income insurance contract. (ECF No. 45 at 4.) Plaintiff, an orthopedic spinal surgeon, began suffering from severe bouts of anxiety, depression, and PTSD upon the tragic passing of his son by suicide on June 28, 2013. (*Id.* at 6.) Plaintiff attempted to continue working in the following years, despite ongoing and debilitating mental struggles. (*Id*. at 6–7.) On August 2, 2021, Plaintiff stopped working completely as his mental state worsened drastically. (*Id*. at 7.) Plaintiff submitted his claim for disability benefits to Defendant on September 15, 2021, because his mental health condition had incapacitated his ability to work. (*Id*.) Defendant sent Plaintiff a letter informing him that he was insured for a monthly benefit that would begin accruing on January 29, 2022, upon satisfaction of a 180-day waiting period. (*Id*.)

On May 25, 2022, Defendant sent a letter informing Plaintiff that his claim for disability income benefits was denied on the grounds that Plaintiff did not meet Defendant's policy definition of a "covered total disability." (*Id*. at 8.) Defendant's denial of Plaintiff's claim was premised on the opinions of two independent board-certified psychiatrists. (ECF No. 48 at 2.) After a third independent psychiatrist found Plaintiff to be functionally impaired to work, Defendant approved Plaintiff's claim for disability income benefits. (*Id*. at 2–3.)

Plaintiff filed the Complaint in this action on September 21, 2022, in San Francisco Superior Court. (ECF No. 45 at 8.) On June 16, 2023, Defendant removed the case to the United States District Court for the Northern District of California. (ECF No. 2.) On January 10, 2024, the action was transferred to this Court. (ECF No. 33.) The Court entered an Initial Pretrial Scheduling Order on January 11, 2024. (ECF No. 34.) The Initial Pretrial Scheduling Order provides the parties 365 days to complete all fact discovery "from the date upon which the last answer is filed with the Court pursuant to the Federal Rules of Civil Procedure, or from the date of removal, whichever is later." (*Id.*) The last answer was filed and the case was removed before the case was transferred to this Court. (ECF No. 45 at 12.) Accordingly, pursuant to the Initial Pretrial Scheduling Order, fact discovery ended on June 17, 2024. (*Id.* at 2.)

On June 10, 2024, Plaintiff filed the instant Motion to Amend the Initial Pretrial Scheduling Order, seeking a six-month extension of the fact discovery cutoff to allow the parties to complete all fact discovery and to have all pre-trial dates reset pursuant to the new discovery deadline. (ECF No. 45.)

## II.  STANDARD OF LAW

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified upon a showing of good cause and with the judge's consent. Fed. R. Civ. Proc. 16(b)(4); *Boarman v. County of Sacramento*, No. 2:11–cv–02825, 55 Supp. 3d 1271, 1276 (E.D. Cal. 2014). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, No. 90–15975, 975 F.2d 604, 609 (9th Cir. 1992) ("the focus of the inquiry is upon the moving party's reasons for seeking modification.").

## III.  ANALYSIS

Plaintiff argues he has met his burden of showing good cause to extend the discovery cutoff. (ECF No. 45 at 11–14.) In opposition, Defendant argues prejudice would be occasioned by a continuance of the scheduling order. (ECF No. 48 at 12.) The Court will address these arguments in turn.

### A.  Good Cause

Plaintiff argues good cause exists because, due to the procedural history of the case, once the case was transferred to this Court, the parties only had six months to complete discovery under the Initial Pretrial Scheduling Order, instead of 365 days. (ECF No. 45 at 13.) Further, Plaintiff's counsel contends that he was not aware of the discovery cutoff date until May 10, 2024, because Plaintiff's counsel did not receive an email notification of the entry of the Initial Pretrial Scheduling Order and was not served with the Order by Defendant. (ECF No. 45 at 9.) Despite the truncated timeframe, Plaintiff argues he has demonstrated diligence as he has propounded written discovery and scheduled several depositions leading up to the discovery cutoff, even while purportedly battling bronchitis and pneumonia for five weeks during April and May. (ECF No. 45 at 12.)

3

1    Defendant argues Plaintiff's motion should be denied because Plaintiff cannot show good
2    cause to justify a continuance of the discovery cutoff.  (ECF No. 48 at 10.)  Specifically,
3    Defendant contends Plaintiff received notice of the Initial Pretrial Scheduling Order in January of
4    this year, and Plaintiff has already conducted extensive discovery.  (*Id*. at 11.)
5    Here, the Court does not believe that Plaintiff, or any party for that matter, should be
6    prejudiced by a shortened timeframe within which to conduct its discovery.  Plaintiff has
7    demonstrated diligence by propounding discovery and attempting to schedule depositions upon
8    learning of the cutoff.  The Court thus does not agree with Defendant's contention that Plaintiff
9    has failed to show good cause.  Further, the Court sees no reason not to believe Plaintiff's
10   counsel's statement that he was not aware of the discovery cutoff date until May 10, 2024.
11   Plaintiff's counsel filed the instant motion shortly thereafter.

12              B.      Prejudice

13   Defendant asserts that a continuance of the discovery cutoff date would be unfair.  (ECF
14   No. 48 at 12.)  Defendant argues it will prevail on summary judgment and prolonging discovery
15   would prejudice Defendant.  (*Id.*)  Plaintiff contends that Defendant "has not presented any
16   legitimate reason for why re-opening discovery for a short six months would cause it prejudice."
17   (ECF No. 50 at 7.)  Defendant's argument does not persuade the Court that an extension is not
18   warranted.  Defendant does not provide any explanation as to how it would be harmed by an
19   extension of fact discovery.
20   As discussed above, the Court agrees with Plaintiff that an extension of the discovery
21   cutoff is warranted considering Plaintiff's diligence in taking and responding to discovery.  Thus,
22   the Court will continue the discovery cutoff and all other pretrial dates by six months[1].
23   ///
24   ///
25   ///

---

[1] Plaintiff requests a continuance of the discovery cutoff from June 17, 2024 to December 17, 2024.  (ECF No. 50 at 6.)  The Court recognizes that the date Plaintiff requests may not give the parties sufficient time to complete its discovery and encourages the parties to stipulate to a further extension should it be necessary.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Leave to Amend the Initial Pretrial Scheduling Order. (ECF No. 45.)

IT IS SO ORDERED.

Date: October 15, 2024

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE