Scott C. Glovsky (Cal. Bar No. 170477)
sglovsky@scottglovskylaw.com
Julia Zalba Seltz (Cal. Bar No. 166717)
jseltz@scottglovskylaw.com
LAW OFFICES OF SCOTT GLOVSKY, APC
343 Harvard Avenue
Claremont, CA 91711
Website: www.scottglovsky.com
Telephone: (626) 243-5598
Facsimile: (866) 243-2243

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER A. DAVIS, M.D., an individual,<br><br>Plaintiff,<br><br>vs.<br><br>NEW YORK LIFE INSURANCE COMPANY; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:24-CV-00131-TLN-SCR<br><br>[Assigned to the Honorable Troy L. Nunley]<br><br>**STIPULATION AND ORDER TO EXTEND FACT DISCOVERY CUT-OFF**<br><br>Current Discovery Cut-Off: Dec. 17, 2024<br>Proposed Discovery Cut-Off: Mar. 3, 2025<br><br>Complaint Filed: September 21, 2022 |

STIPULATION AND ORDER TO EXTEND FACT DISCOVERY CUT-OFF

Pursuant to Federal Rule of Civil Procedure 16(b)(4), the Honorable Troy L. Nunley's Civil Standing Order, and the Court's Initial Scheduling Order (ECF No. 34), Plaintiff ALEXANDER A. DAVIS, M.D. ("Plaintiff") and Defendant NEW YORK LIFE INSURANCE COMPANY ("Defendant") (Plaintiff and Defendant are collectively referred to as the "Parties"), through their respective attorneys of record herein, STIPULATE as follows:

## **RECITALS**

WHEREAS, Plaintiff filed the Complaint in this action on September 21, 2022, in San Francisco Superior Court. (ECF No. 45 at 8.);

WHEREAS, on June 16, 2023, Defendant removed the case to the United States District Court for the Northern District of California (ECF No. 2.);

WHEREAS, on January 10, 2024, the action was transferred to this Court; (ECF No. 33.)

WHEREAS, this Court entered an Initial Pretrial Scheduling Order on January 11, 2024, which provides the Parties 365 days to complete all fact discovery "from the date upon which the last answer is filed with the Court pursuant to the Federal Rules of Civil Procedure, or from the date of removal, whichever is later." (ECF No. 34.);

WHEREAS, the last answer was filed and the case was removed before the case was transferred to this Court, (ECF No. 45 at 12) and accordingly, pursuant to the Initial Pretrial Scheduling Order, fact discovery ended on June 17, 2024;

WHEREAS, on May 28, 2024, Plaintiff filed an *ex parte* application to extend the discovery cut off, which was denied (ECF Nos. 39-40)

WHEREAS, on June 10, 2024, Plaintiff filed a motion to amend the initial pretrial scheduling order to extend the discovery cut off by 183 days (ECF No. 45), which was pending for approximately four months;

WHEREAS, on October 16, 2024, the Court entered an Order to extend the fact discovery cut off from June 17, 2024 to December 17, 2024 and "recognize[d] that the date Plaintiff request[ed] may not give the parties sufficient time to complete its discovery and encourage[d] the parties to stipulate to a further extension should it be necessary." (ECF No. 62 at 4, n.1);

WHEREAS, Defendant filed a Motion to Compel Discovery Responses and a Joint Statement Regarding Discovery Disagreement, with hearing currently set for December 19, 2024 (ECF Nos. 63 and 64);

WHEREAS, the Parties have been diligent in propounding and responding to discovery, taking depositions, and engaging in third party discovery, and meeting and conferring to try and resolve discovery disputes without Court intervention, where possible;

WHEREAS, pursuant to Section 9 of this Court's standing order, the current schedule in this matter is as follows:

| Event | Deadline |
| --- | --- |
| Fact Discovery | December 17, 2024 |
| Initial Expert Designation | February 14, 2025 |
| Supplemental Expert Designation | March 14, 2025 |
| Dispositive Motion Filing Date | June 13, 2025 |
| Supplemental Disclosures | May 14, 2025 |

WHEREAS, pursuant to Section 9 of this Court's standing order, Plaintiff previously requested this Court extend the fact discovery deadline once via *ex parte* application, which was denied (ECF Nos. 39-40), and once by motion by six months (ECF No. 45) which this Court granted (ECF No. 62). There have been no other requests for extension of time;

WHEREAS, good cause exists for the proposed continuance to allow additional time to complete fact discovery, including third party discovery, for this Court to hear and rule on New York Life's Motion to Compel and Joint Statement Regarding Discovery Disagreements (ECF No. 63-64), to allow the Parties to work through discovery disputes without Court involvement, to effectively complete expert discovery and to avoid unproductive proceedings and unnecessary litigation costs; NOW THEREFORE, the Parties, through their respective counsel, stipulate and agree – subject to the Court's approval – to extend the fact discovery cut off from December 17, 2024 to March 3, 2025, as well as extending all deadlines which flow from that date.

**IT IS SO STIPULATED.**

| | | |
|---|---|---|
| DATED: | December 3, 2024 | LAW OFFICES OF SCOTT GLOVSKY, APC |

By:   */S/Scott Glovsky*
      Scott C. Glovsky
      Julia Zalba Seltz
      Attorneys for Plaintiff

DATED:   December 3, 2024        DENTONS US LLP

By:   */S/ Joshua Haevernick*
      Andrew S. Azarmi
      Anne E. Waddell
      Joshua K. Haevernick
      Matthew A. Chipman
      Attorneys for Defendant

**ORDER**

**PURSUANT TO THE PARTIES' STIPULATION, IT IS HEREBY ORDERED THAT:**

The fact discovery cut off in the above-entitled action shall be extended from December 17, 2024 to March 3, 2025. All dates or deadlines that flow from the fact discovery deadline are extended and shall run from the continued fact discovery deadline.

**IT IS SO ORDERED.**

DATED: December 3, 2024

_____
Troy L. Nunley
Chief United States District Judge